United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20078
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

WALTER CLANCY ROBINSON

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-382-1
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Walter Clancy Robinson pleaded guilty to bank fraud and aiding and abetting and was sentenced to 71 months of imprisonment, five years of supervised release, $43,682 in restitution, and a $100 special assessment.

    Robinson argues that under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), his Sixth Amendment rights were violated when the district court held him accountable under relevant conduct for three fraudulent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

checks that were ordered and deposited by others after his arrest based on facts that were not admitted by him or found by a jury. Robinson preserved this issue in the district court. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). Therefore, we review Robinson's claim for harmless error. See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

The district court committed a Booker error by increasing Robinson's sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt. See Booker, 543 U.S. at 244. The Government has not demonstrated that the district court's error was harmless beyond a reasonable doubt. See Pineiro, 410 F.3d at 285. Accordingly, we vacate Robinson's sentence and remand for resentencing.

Robinson also argues that loss amounts other than the amount to which he pled guilty do not constitute relevant conduct under U.S.S.G. § 1B1.3. However, because we are vacating and remanding Robinson's entire sentence, we need not address this issue. See Akpan, 407 F.3d at 377 n.62.

SENTENCE VACATED; CASE REMANDED.